IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHAWN WILLIAM CARMICHAEL,

    **Plaintiff,**

v.                                                            Case No. 3:20-cv-00049

WESTERN REGIONAL JAIL;
TRINITY (Kitchen Staff);
WEST VIRGINIA DRC; and
C. O. PRIESS,

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff, Shawn William Carmichael ("Carmichael"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, (ECF No. 2), in which he alleges that in December 2019, while waiting in line for food service at the Western Regional Jail and Correctional Facility ("WRJ"), he heard inmates complaining about cockroaches crawling on a food service cart. When he received his tray, he found a live cockroach in his green beans. Currently pending are Carmichael's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and the initial screening of his complaint. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** the

1

Application to Proceed Without Prepayment of Fees and Costs; **DISMISS** the complaint, with prejudice, as it fails to state a viable claim; and **REMOVE** this civil action from the docket of the Court.

I.   **Relevant Facts**

Plaintiff alleges that, in December 2019, he was in the "chow" line at the WRJ when he heard other inmates complaining that there were cockroaches crawling on the food tray cart. (ECF No. 2 at 4). Plaintiff picked up a tray and saw a live cockroach in his green beans. He complained to Correctional Officer Priess, who said "oh well," and told Plaintiff to eat the cockroach. According to Plaintiff, these occurrences suggest "that inmates have been served food from extremely unsanitary conditions for an unknown period of time." (*Id*.). Plaintiff claims that the defendants are aware of the unsanitary conditions, but have taken no action to resolve them. (*Id*. at 5). Plaintiff wants the Court to ensure that "these occurrences do not transpire again in the future." (*Id*.). He also requests compensation for the "psychological scares [sic] these actions have led to (The thought of me almost ingesting a roach and of how many times in the past its [sic] happened and I didn't notice)." (*Id*.)

II.  **Standard of Review**

Under the provisions of 28 U.S.C. § 1915(e)(2)(B), a court must screen each case in which a person seeks to proceed *in forma pauperis* and must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim when, accepting the plaintiff's well-pled allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility requires allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

In the context of a *pro se* complaint, such as the one filed in this civil action, the court must liberally construe the allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint must contain sufficient factual allegations to support a cause of action that is cognizable in federal court. *Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

Plaintiff's complaint is filed pursuant to 42 U.S.C. § 1983, which provides a remedy to parties who are deprived of federally protected civil and constitutional rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a state and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 171-172 (1961), *overruled on other grounds by* 436 U.S. 658. In order to state a cause of action under § 1983, a plaintiff must

3

present facts showing that: (1) a person deprived him or her of a federally protected civil right, privilege or immunity and (2) that the person did so under color of state law. 42 U.S.C. § 1983; *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). If either of these elements is missing, the Complaint fails to state a claim for relief under § 1983. *Sullivan,* 526 U.S. at 50.

Plaintiff claims that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by denying him sanitary food service conditions. The Eighth Amendment "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). However, "[p]rison conditions may be 'restrictive and even harsh.'" *Farmer*, 511 U.S at 833 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)) ("To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993). Thus, not every uncomfortable condition of confinement is actionable. *Rhodes,* 452 U.S. at 347. Ultimately, this prohibition "does not mandate comfortable prisons, and only those deprivations denying the 'minimal civilized measure of life's necessities'

4

are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (quoting *Rhodes,* 452 U.S. at 347).

In order for Plaintiff to maintain an Eighth Amendment conditions of confinement case, he must show both (1) the deprivation of a basic human need that was "sufficiently serious," when measured by an objective standard, and (2) that the responsible prison officials had a "sufficiently culpable state of mind." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996)). To satisfy the objective component, Plaintiff must establish that the challenged condition caused or constituted an extreme deprivation. *De'Lonta v. Angelone,* 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, [Plaintiff] must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler,* 989 F.2d at 1370–80).

To fulfill the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health or safety by the defendants. *Farmer*, 511 U.S. at 834 (quoting *Wilson,* 501 U.S. at 297). The Supreme Court of the United States has explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or

5

> safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less than malice. *Estelle v. Gamble,* 492 U.S. 97, 105-06 (1976). Put simply, if Defendants were aware of an excessive risk of harm to Plaintiff's health or safety and disregarded it, Defendants had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 303; *Brown v. North Carolina Dept. of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010).

In addition to the legal principles set forth above, Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). "The Prison Litigation Reform Act … establishes limitations on recovery of compensatory damages by prisoners in civil lawsuits by providing that 'no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.'" *Richardson v. Bostick,* No. 5:11-CT-3045-FL, 2014 WL 3508916, at * 16 (E.D.N.C. July 14, 2014) (quoting 42 U.S.C. § 1997e) (citation omitted). Although the PLRA does not define "physical injury," and no Fourth Circuit precedent exists, courts in other circuits have held that the "physical injury" referenced by the PLRA need not be significant, but must be more than *de minimis. See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v. Trigg,* 952 F. Supp. 1318 (S.D. Ind. 1997).

Furthermore, even if the requisite physical injury is satisfied under § 1997e, the plaintiff must do more than simply allege emotional distress in order to recover damages under § 1983. To the contrary, the plaintiff must demonstrate the presence of

6

a tangible psychological injury, which occurred from the alleged constitutional violation. *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001) (quoting *Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996)) (internal quotation marks omitted) ("A plaintiff seeking compensatory damages for emotional injuries cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated.").

"It is well established that inmates must be provided nutritionally adequate food prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it," *Shrader v. White,* 761 F.2d 975, 986 (4th Cir. 1985) (*citing Ramos v. Lamm,* 639 F.2d 559, 571 (10th Cir. 1980)). "Allegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim so long as the deprivation is serious and the defendant is deliberately indifferent to the need." *King v. Lewis*, 358 F. App'x. 459, 460 (4th Cir. Dec. 31, 2009) (citations omitted). In this case, however, Plaintiff is unable to fulfill the objective component of an Eighth Amendment claim. While the presence of cockroaches near or in Plaintiff's food is revolting, the incident described by Plaintiff does not objectively constitute a denial of the "minimal civilized measure of life's necessities." *See e.g. Clay v. Lee,* No. 13-cv-7662, 2019 WL 1284290, at *5 (S.D.N.Y Mar. 20, 2019) (collecting cases and holding that plaintiff fails "to describe how the presence of cockroaches harmed him or presented a danger to his well-being sufficient to satisfy the Eighth Amendment's objective element inquiry.").

7

Plaintiff does not allege that his food is frequently contaminated with pests, or that there is evidence of prolonged or excessive infestation at the WRJ. *See Smith v. Dart,* 803 F.3d 304, 312 (7th Cir. 2015) (explaining that allegations involving the presence of pests in a correctional facility may form the basis of an Eighth Amendment claim when the allegations demonstrate prolonged or extensive infestation; the occasional presence of pests does not alone rise to the level of a constitutional claim). While Plaintiff extrapolates from the one instance of finding a cockroach in his food that the defendants have "served food from extremely unsanitary conditions for an unknown period of time," this is only speculation and not fact. In addition, Plaintiff does not assert any physical injury, or allege a serious emotional deterioration attributable to the challenged condition. "If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment." *Strickler,* 989 F.2d at 1381.

"Occasional short-lived problems with food service and isolated instances of spoiled food or foreign objects in the food do not state cognizable claims under the Eighth Amendment." *Marshall v. Bazzle,* C/A No. 4:08-cv-2775-GRA, 2009 WL 2858999, at *6 (D.S.C. Aug. 27, 2009) (Prisoner's claims that he bit into a raw chicken heart buried in his dinner of chicken livers and, on another occasion chewed on glass found in his food, were not cognizable under the Eighth Amendment); *see also Reed v. Olson,* Case No. 4:09-3126-JFA-TER, 2011 WL 765559, at *3 (D.S.C. Feb. 24, 2011) ("The fact that the food occasionally contains foreign objects or is sometimes served cold, while unpleasant, does not amount to a constitutional deprivation.") (quoting *Hamm v. Dekalb County,* 774 F.2d 1567 (11th Cir. 1985)); *Allen v. Maryland,* Case No.

8

L-10-353, 2010 WL 727753, at *1 (D. Md. Feb. 25, 2010) (explaining that although a prisoner found a burnt rodent in his breakfast, he failed to state an Eighth Amendment claim because he did not allege that his food "regularly or even often contains mice or other foreign objects."); *Lunsford v. Reynolds,* 376 F. Supp 526, 528 (W.D. Va. 1974) ("Occasional incidents of foreign objects contained in food, while regrettable, does not present a question of constitutional proportion."); *Epps v. ABL Ser.,* No. 3:12-cv-01018, 2012 WL 5949579, at *2 (M.D. Tenn. Nov. 28, 2012) (holding that a single, isolated incident of finding a cockroach in potato salad did not rise to the level of an Eighth Amendment claim.); *McKinney v. Gloria,* 2012 WL 1521853, at *4 (E.D. Pa. Apr. 30, 2012) (holding that a single instance of food contaminated with mouse droppings was insufficient to establish a serious constitutional deprivation); *Fountain v. Shaw,* No. 10-c-1484, 2011 WL 4888874, at *5 (N.D. Ill. Oct. 13, 2011) (finding that a dead mouse on a prisoner's food tray was "insufficient to establish an Eighth Amendment violation."); *Richardson v. Jones,* Case No. 1:10-cv-01015, 2011 WL 31533, at *6 (W.D. Ark. Jan. 5, 2011) (holding that isolated instances of finding bugs in the food were not claims of constitutional dimension); *Smith-Bey v. CCA/CTF,* 703 F. Supp. 2d 1, 8, (D.D.C. 2010) ("[T]wo instances of discovering cockroaches in one's food do not rise to the level of sufficiently serious deprivation" under the Eighth Amendment.); *Speech v. Ward,* No. S-05-1403 FCD DAD P, 2006 WL 2849822, at *2 (E.D. Cal. Oct. 4, 2006) (A single instance of being served a meal contaminated with maggots was not a constitutional violation even though the prisoner had heard rumors about others finding roaches and worms in the prison's cereal); *Boulware v. Hill,* No. CIV.A. 98-3876, 2000 WL 1593989 (E.D. Pa. Oct. 24, 2000) ("One instance of a prisoner biting into a mouse contained in his lunch does not constitute a denial of the

9

'minimal civilized measure of life's necessities.'"). Plaintiff does not state any facts in his complaint upon which the Court can infer that Plaintiff was subjected to prolonged or excessive exposure to unsanitary food service. Accordingly, based on the allegations of the complaint, the undersigned **FINDS** that Plaintiff fails to state an Eighth Amendment claim.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1); **DISMISS** the complaint, (ECF No. 2), with prejudice, as it fails to state a viable claim; and **REMOVE** this civil action from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*,

10

474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, Defendants, any counsel of record, and any unrepresented parties.

**FILED:** February 4, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge